UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON KURRY SCHOEN

      Plaintiff,

v.                                                              Case No. 06-13322
                                                               Hon. Sean F. Cox

GRAND RIVER NAVIGATION
COMPANY, INC.,

      Defendant.
_____

## ORDER

This matter is before the Court on Plaintiff's Motion to dismiss Defendant's counterclaim and Defendant's Motion for leave to amend counterclaim and add a counterclaim of unjust enrichment. Both parties fully briefed the issues. The Court will decide the Motions on the briefs pursuant to L.R. 7.1(e)(2). For the following reasons, the Court **DENIES** Plaintiff's Motion to dismiss Defendant's counterclaim; and **GRANTS** Defendant's Motion for leave to file an amended counterclaim and add a counterclaim for unjust enrichment.

### I. BACKGROUND

This action arises out of Plaintiff's injury while working onboard Defendant's ships. Plaintiff alleges he was injured on May 27, 2006.

On July 24, 2006, Plaintiff filed a claim seeking damages pursuant to the Jones Act. 46 USC §688, *et seq*. Defendant filed an Answer and Counterclaim for fraud on September 21, 2006. Defendant alleges that Plaintiff fraudulently continued to receive benefits from Defendant

by misrepresenting that he was not yet "fit for duty."

On October 6, 2006, Plaintiff filed a Motion to dismiss Defendant's counterclaim because it was not plead with particularity in accordance with federal procedural rules. Defendant responded to Plaintiff's Motion and in its Response sought leave to amend its counterclaim and add a counterclaim for unjust enrichment.

On December 12, 2006, Defendant properly filed a separate Motion for leave to amend its counterclaim and add a counterclaim for unjust enrichment. Defendant attached the proposed Amended Answer and Counterclaims to its Reply brief.

## II.  STANDARD OF REVIEW

"When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, the pleader may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f). "The clause in Rule 13(f) permitting amendments 'when justice requires' is especially flexible and enables the court to exercise its discretion and permit amendment whenever it seems desirable to do so." *Budd Company v. Travelers Indemnity Company*, 820 F.2d 787, 791 (6th Cir. 1987).

## III.  ANALYSIS

"In exercising its discretion under Rule 13(f), the district court must balance the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained." *Budd Company*, 820 F.2d at 792 (citation omitted). Courts are hesitant to deny amendment, even at late stages of the proceedings, when "the interest in resolving all related issues militates in favor of such a result and no prejudice is demonstrated." *Id*.

Plaintiff argues that Defendant should be denied the opportunity to amend its counterclaim of fraud because it did not plead with particularity in accordance with Fed.R.Civ.P. 9(b), and because a fraud claim would be futile.

Defendant's proposed Amended Answer and Counterclaim meets the requirements of Fed.R.Civ.P. 9(b) and Plaintiff fails to demonstrate how he would be prejudiced if Plaintiff is allowed to amend its claim.  The Court will not dismiss Defendant's counterclaim of fraud based on a failure to plead with particularity.

Plaintiff also contends amendment is futile because Defendant alleges that "Plaintiff did not tell it something" and that is not enough to state a claim for fraud. [Doc. 13, p.2].  Contrary to Plaintiff's assertions, Defendant alleges that Plaintiff "knowingly made false material representations to Defendant after June 30, 2006, that he remained unfit for duty." [Proposed Counterclaim, ¶4].  Whether Defendant can prove its claim is left for another day.  Plaintiff fails to suggest how he would be prejudiced by the amendment of Defendant's fraud claim, or the addition of a claim for unjust enrichment.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to dismiss Defendant's counterclaim; and **GRANTS** Defendant's Motion for leave to file an amended counterclaim and add a counterclaim for unjust enrichment.

**IT IS SO ORDERED.**

S/ Sean F. Cox
SEAN F. COX
DATED: January 11, 2007                                                 United States District Judge

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON KURRY SCHOEN

        Plaintiff,

v.                                                                                             Case No. 06-13322
                                                                                Hon. Sean F. Cox

GRAND RIVER NAVIGATION
COMPANY, INC.,

        Defendant.
_____

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 11, 2007.

                                          s/Jennifer Hernandez
                                          Case Manager to
                                          District Judge Sean F. Cox